IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-01672-ZLW

PASTRIES PLUS INVESTORS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

PASTRIES PLUS OF UTAH, INC. A/k/a PASTRIES PLUS, INC. a/k/a P RESOLUTION
CORPORATION, a Utah corporation;
SEAN KAFENTZIS, an individual;
KYLE KAFENTZIS, and individual;
U.S. BANK, N.A., a national banking association; and
LH ACQUISITION, LLC, a Utah limited liability company,

    Defendants.

---

## ORDER OF REMAND

---

The matter before the Court is Plaintiff's Motion To Remand Case To State Court Due To Lack Of Subject Matter Jurisdiction With Request For Expedited Ruling (Doc. No. 5; Aug. 8, 2008). Plaintiff filed a civil action against Defendants in the District Court, City and County of Denver, Colorado, on July 28, 2008. On August 7, 2008, Defendants removed the case to this Court.

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case comes to an immediate end.[1] "There is a

---

[1] *In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand.[2]

Defendants' sole basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Defendants are citizens of Utah, Missouri, Ohio, and/or Minnesota.[3] Plaintiff is a limited liability company organized under the state laws of Colorado.[4] However, "<u>a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.</u>"[5] An affidavit from a member of Plaintiff indicates that he, and thus the limited liability company, was a citizen of Utah at the time the case was initiated.[6] As such, there is not complete diversity between the parties and this court has no jurisdiction to hear this case. Accordingly it is

---

[2] <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted); <u>see</u> <u>also</u> <u>Fajen v. Found. Reserve Ins. Co.</u>, 683 F.2d 331, 332 (10th Cir. 1982).

[3] <u>See</u> Notice of Removal at 2-3 (Doc. No. 1; Aug. 7, 2008); First Mot. To Remand Case To State Ct. Due To Lack Of Subject Matter Jurisdiction at 2 (Doc. No. 5).

[4] <u>See</u> Notice of Removal at 3.

[5] <u>Hale v. MasterSoft Intern. Pty. Ltd.</u>, 93 F.Supp.2d 1108, 1112 (D. Colo. 2000) (Brimmer, J.) (emphasis added). The United States Court of Appeals For The Tenth Circuit has ruled that a limited partnership is a citizen in every state in which its members reside. <u>Penteco Corp. v. Union Gas Sys.</u>, 929 F.2d 1519, 1522 (10th Cir. 1991); <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990). Although the Tenth Circuit has never directly addressed whether a limited liability corporation should be treated identically, other circuits that have addressed the issue all agree that limited liability companies are to be treated the same as limited partnerships for purposes of diversity jurisdiction. <u>See</u> <u>GMAC Commercial Credit v. Dillard Dep't Stores, Inc.</u>, 357 F.3d 827 (8th Cir. 2004); <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006); <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004); <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000); <u>Homfeld II, L.L.C. v. Comair Holdings, Inc.</u>, 53 Fed. Appx. 731, 732-33 (6th Cir. 2002) (unpublished); <u>Provident Energy Assocs. of Montana v. Bullington</u>, 77 Fed. Appx. 427, 428-29 (9th Cir. 2003) (unpublished).

[6] First Mot. To Remand Case To State Ct. Due To Lack Of Subject Matter Jurisdiction, Ex. A.

ORDERED that this action is remanded to the District Court, City and County of Denver, Colorado, pursuant to 28 U.S.C. § 1447(c). It is

FURTHER ORDERED that Plaintiff has fifteen days to file any request for costs and attorney fees under 28 U.S.C. § 1447(c).

DATED at Denver, Colorado, this   11th   day of August, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court